**Justus Graf von KERSSENBROCK– PRASCHMA, a citizen of Germany, Appellant,**

**v.**

**John SAUNDERS, Director of the Missouri Department of Agriculture; Jeremiah W. Nixon, Attorney General of the State of Missouri, Appellees.**

**No. 94–2434.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1994.

Decided Feb. 23, 1995.

Tom K. O'Loughlin, II, Cape Girardeau, MO, argued, for appellant.

Gary L. Gardner, Asst. Atty. Gen., Jefferson City, MO, argued (John R. Munich, on the brief), for appellee.

Before MAGILL and BEAM, Circuit Judges, and PIERSOL,* District Judge.

MAGILL, Circuit Judge.

Justus Graf von Kerssenbrock–Praschma (Praschma), the alien owner of two tracts of Missouri farmland, appeals the dismissal of his challenge to a Missouri statutory scheme that prohibits future acquisition of agricultural land by aliens. The district court dismissed Praschma's challenge because it concluded that "the Statutes take nothing from" Praschma, and therefore Praschma lacked standing to raise his challenge. Because we believe the district court took too narrow a view of Praschma's legally-protected interests, we reverse and remand.

## I. BACKGROUND

Praschma is a sixty-six-year-old German citizen. In the spring and summer of 1978, he obtained fee simple absolute title in two tracts of Missouri farmland totalling approximately 1100 acres. Praschma has indicated that he wishes to "devise, deed, transfer or otherwise dispose of" the two tracts of farmland to Georg and Justus, his two sons, who are also aliens. Neither son is a plaintiff in this action. Praschma has executed a will that leaves the farmland to his son Georg, and he has indicated that he wishes to transfer one farm to each of his sons by deed.

Mo.Rev.Stat. § 442.571(1) (1986) prevents acquisition of agricultural land by aliens. The statute applies to any transfer by Praschma to his sons, but does not apply to Praschma's holding of the land because the statute became effective after Praschma acquired his land and contains a grandfather clause exempting lands held by aliens before the effective date of the statute. Mo.Rev. Stat. §§ 442.576(1) (1986), 442.586 (1986 & Supp.1994). Mo.Rev.Stat. § 442.576 pro-

* THE HONORABLE LAWRENCE L. PIERSOL, United States District Judge for the District of South Dakota, sitting by designation.

vides the means for enforcing the scheme. Upon learning of a violation, the attorney general is instructed to obtain a court order requiring the alien owner to divest himself of the land. If the alien does not comply with the order within two years, the land is sold at public sale.

Praschma brought an action for injunctive relief, arguing that Missouri's statutory scheme is unconstitutional on its face and as applied because it violates (among other things) the Takings Clause of the Fifth Amendment, the Ex Post Facto Clause, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The district court dismissed the action because it found that Praschma lacked standing, and Praschma timely appealed.

## II. DISCUSSION

The general contours of the law of standing are well settled, although particular applications of these principles are occasionally less than clear. Standing consists of a constitutional and a prudential[1] component. *Lujan v. Defenders of Wildlife,* —— U.S. ——, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), describes the constitutional component:

> [T]he irreducible constitutional minimum of standing contains three elements: First, the plaintiff must have suffered an injury in fact—an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at ——, 112 S.Ct. at 2136 (quotation marks, ellipses and citations omitted). Only the first element of the constitutional component of standing is at issue in this appeal. Thus, the issue reduces to whether Praschma has suffered an injury in fact.

The district court dismissed Praschma's action because it concluded that the Missouri statute "takes nothing from" Praschma. This conclusion fails fully to consider Praschma's legally-protected interests in the farmland. The Missouri defendants and the district court relied heavily on the fact that the text of Mo.Rev.Stat. § 442.571(1) prevents aliens from acquiring land. The district court was of the opinion that this wording might affect the rights of the sons, but does not affect Praschma's rights. In the district court's view, because Praschma can freely grant the land to his sons (who cannot "acquire" it), Praschma has no standing to challenge the restriction on acquisition. We reject the district court's reading of the statute because we believe that such a reading creates an overly artificial distinction between the rights of the grantor and the grantee that ignores the realities of the transaction.

The Missouri statute imposes a de facto limit on the rights of the grantor by excluding aliens as a class of potential grantees. The statute purports to proscribe any "grant, purchase, devise or descent" that results in acquisition of ownership by an alien. However, the statute provides for enforcement only against the grantee. By the plain text of the statute, an alien's acquisition of agricultural land is illegal from the instant at which it occurs, even though enforcement may be delayed. By preventing an alien grantee from legally acquiring title, the scheme prevents the completion of the transaction contemplated by Praschma. The resulting limitation of the number of permissible grantees has two effects.

 First, the limitation infringes upon Praschma's right to dispose of the land as he pleases. One of the incidents of ownership of

---

1. The prudential component of standing requires that: (1) the plaintiff assert his own rights; (2) the plaintiff's grievance not be a generalized grievance that is pervasively shared and more appropriately addressed by the representative branches of government; and (3) the interest for which protection is sought is within the "zone of interests" protected by the statute or constitutional provision asserted as the basis for relief. *Valley Forge Christian College v. Americans United for the Separation of Church & State,* 454 U.S. 464, 474–75, 102 S.Ct. 752, 759–60, 70 L.Ed.2d 700 (1982). We believe that Praschma satisfies all the prudential requirements of standing.

property is the right "to sell or otherwise dispose of it according to the will of the owner, and without any diminution or control save only by the laws of the land." 73 C.J.S. Property § 27 (1983). By excluding aliens from the class of potential grantees, the Missouri statute limits the right of the owner of agricultural land to dispose of it as he pleases. Missouri has invaded one of the recognized incidents of property ownership, and thus has invaded a legally-protected interest, causing injury in fact to Praschma.

■ Second, the combined effect of the grandfather clause and the statutory scheme is to convert Praschma's fee simple·absolute into something less. Praschma owned the land in fee simple absolute at the time that the statute went into effect. A fee simple estate is one in which "a tenant holds lands, tenements, or hereditaments to himself and his heirs, forever." 31 C.J.S. Estates § 8 (1964). Since Praschma owned the land in fee simple, one of his rights was to devise it to his alien descendants. Although Praschma's existing ownership of the two farms was "grandfathered" under the new statute, the exemption applied only to ownership by him, not by his heirs. The state has effectively taken Praschma's fee simple and transformed it into a lesser estate. The statutes therefore prevent Praschma from holding the land forever, causing him an injury in fact.[2]

Thus conceived, this standing issue is similar to that encountered in challenges to zoning restrictions. In zoning cases, as here, some restriction removes a "stick" from the property owner's "bundle" of rights. There is a substantial body of law recognizing that the owner of an interest in the affected property has standing to challenge the restriction. See, e.g., Huntington Branch NAACP v. Town of Huntington, 689 F.2d 391, 395 (2d Cir.1982) (owner of option to purchase tract who had "reasonable prospect for future financing" to develop housing project had

standing to challenge zoning ordinance that prevented project), cert. denied, 460 U.S. 1069, 103 S.Ct. 1523, 75 L.Ed.2d 947 (1983); Construction Indus. Ass'n, Sonoma County v. City of Petaluma, 522 F.2d 897, 903–05 (9th Cir.1975) (landowners had standing to challenge housing plan that "adversely affect[ed] the value and marketability of their land for residential uses"), cert. denied, 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 342 (1976); Horizon House v. Township of Upper Southampton, 804 F.Supp. 683, 692 (E.D.Pa.1992) (operator-lessee of two leased group homes had standing to challenge zoning ordinance that affected these two houses and "prevented and deterred" expansion of housing), aff'd, 995 F.2d 217 (3d Cir.1993); In re Malone, 592 F.Supp. 1135, 1153–55 (E.D.Mo.1984) (owner and developer had standing to challenge zoning restriction that prevented development of multi-family unit), aff'd, 794 F.2d 680 (8th Cir.1986).[3]

Moreover, challenges to zoning restrictions frequently reach the merits without addressing the issue of standing. One statement of the general rule is that "[a]n owner of land which may be substantially affected and materially depreciated ... is an aggrieved person entitled to seek judicial review." 83 Am.Jur.2d Zoning and Planning § 1028 (1992). A contract vendor may also be an aggrieved person. Id. at § 1029. Just as the owner of land affected by a zoning ordinance has standing to challenge a restriction that removes a "stick" from his bundle of rights, we hold that Praschma has standing to challenge the Missouri statutory scheme that has a similar effect upon his interests in the farmland that he owns.

### III. CONCLUSION

We hold that the district court failed adequately to consider the full scope of Praschma's legally-protected interests in the farmland and thus failed to appreciate Praschma's

---

2. This analysis assumes that (1) Praschma does not transfer the land to a non-alien before his death; (2) the use of the land does not change; and (3) Praschma either devises the land to aliens, or has aliens as intestate successors. The record establishes that all three of these conditions are satisfied. J.A. at 77–81.

3. We are aware that many of these cases involve allegations of housing discrimination to which prudential limitations on standing do not apply. See Malone, 592 F.Supp. at 1154. However, injury in fact is not a prudential limitation. As a constitutional component of standing, it applies equally to all cases.

injury in fact. Accordingly, we reverse the judgment of the district court and remand for further proceedings not inconsistent with this opinion.